# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 09-40026-GPM ) ) |
| UCHE P. MORDI, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In April 2009, Defendant Uche Mordi was charged with possession with the intent to distribute more than 50 grams of crack cocaine, to which he pleaded guilty on June 22, 2009 (Doc. 23). On October 19, 2009, the Court accepted Mr. Mordi's guilty plea and sentenced him to 120 months imprisonment, five years of supervised release, a $200 fine and a special assessment of $100 (Doc. 35). Mr. Mordi now claims that the Court erred in the drafting of his Judgment and moves the Court, pursuant Rule 36 of the Federal Rules of Criminal Procedure, to correct the Judgment.

Mr. Mordi draws the Court's attention to the terms of his supervised release, noting that the *wording* of the terms of his non-reporting supervised release and deportation in his Judgment vary from those in the plea agreement he struck with the Government. The Court did accept Mr. Mordi's plea agreement, and when a sentencing court accepts a plea agreement, certain conditions of the agreement become binding on the Court. *See United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009) (noting that a district court that accepts a plea is bound by terms that fall under 11(c)(1)(C) of the Federal Rules of Criminal Procedure). However, the terms of supervised release agreed upon by the parties in Mr.

Mordi's plea agreement were not a binding condition on the Court. Rather, the parties agreed only that the "Government will *ask the Court* to include" a special provision governing Mr. Mordi's term of supervised release (Doc. 26) (emphasis added). After the Government requested that the Court impose the conditions spelled out in the plea agreement, the Court retained discretion to accept or reject them. *See id. quoting* FED. R. CRIM. P. 11(c)(1)(B) ("[T]he district court is not bound by the parties' agreement that the government will 'recommend . . . that a particular sentence or sentencing range is appropriate . . . .'"). Indeed, by its very terms, the plea agreement contemplated that the Court would have full discretion to impose any lawful sentence on Mr. Mordi: "The agreement by the parties to not seek a variance from the Guidelines is not binding on the Court or the United States Probation Office and the Court may impose any sentence authorized by law" (Doc. 26, ¶ 12).

The terms of Mr. Mordi's supervised release in his Judgment were not made in error, clerical or otherwise. Rather, the Court retained and exercised its discretion to impose a sentence phrased differently than the plea agreement. Finally, the Court notes that despite differences in phrasing, the terms of Mr. Mordi's supervised release in his Judgment have the same practical effect as the terms in his plea agreement. Mr. Mordi's motion to amend his Judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 11, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge